# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VALENCIA MANAGEMENT, LLC, SERIES 5,

        Plaintiff(s),

v.

JOSE G. MENDOZA, et al.,

        Defendant(s).

2:14-CV-265 JCM (GWF)

# ORDER

Presently before the court is a motion to dismiss filed by defendant Bank of America, N.A. ("Bank of America"). (Doc. # 5). Plaintiff Valencia Management LLC, Series 5 ("Valencia") filed a response in opposition, (doc. # 9), and Bank of America filed a reply, (doc. # 12).

This case involves a dispute over a property that was subject to an HOA "super priority" lien. Plaintiff claims that it purchased the property at an HOA foreclosure sale, extinguishing defendant's deed of trust in the process.

Over the last several months, the court has become all too familiar with Nev. Rev. Stat. § 116.3116, which grants priority to portions of liens arising from delinquent HOA assessments. Countless cases have been filed in Nevada posing the question as to whether a foreclosure of an HOA's "super priority" interest extinguishes deeds of trust that predate the HOA lien.

Courts at both the state and federal levels disagree as to the correct interpretation of this provision. *See, e.g.*, *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 2013 WL 5780793 (D.

**James C. Mahan**
**U.S. District Judge**

Nev. 2013) (holding that foreclosure of an HOA super priority lien extinguishes a deed of trust); *LVDG Series 125 v. Welles*, 2013 WL 6175813 (D. Nev. 2013) (holding that a deed of trust is not extinguished following the foreclosure of an HOA super priority lien).

Despite the numerous cases presenting this precise question that have been filed in state courts, the Nevada Supreme Court has yet to weigh in on the issue. At present, "there are over fifty cases pending before the Nevada Supreme Court that turn upon this very question." *Saticoy Bay LLC v. Flagstar Bank, FSB*, No. 2:13-cv-1589-JCM-VCF (D. Nev. Feb. 28, 2014) (order granting motion to stay). Though federal district courts can generally rule upon questions of state law, this power becomes rather murky when there is no precedent from a state's highest court to assist in interpreting novel statutes. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). This difficulty is compounded further by the fact that Nevada has no intermediate appellate courts to provide guidance before these questions reach the Nevada Supreme Court.

It is quite apparent that there is disagreement among Nevada's state and federal courts regarding the interpretation of Nev. Rev. Stat. § 116.3116. Therefore, out of respect for Nevada's sovereignty and interest in having its statutes interpreted by its own judges, the court finds it appropriate to deny the instant motion without prejudice. The defendant is free to re-file the instant motion upon a ruling by the Nevada Supreme Court as to whether a foreclosure of an HOA "super priority" lien pursuant to Nev. Rev. Stat. § 116.3116 extinguishes an earlier deed of trust.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Bank of America's motion to dismiss (doc. # 5) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that the defendant shall have thirty (30) days from the entry of a ruling from the Nevada Supreme Court on the question identified above to renew its motion to dismiss.

DATED July 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge